IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Glynndeavin von Fox,** | ) | Case No. 2:16-cv-185-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **The U.S. State Department,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the thirteenth of many civil actions Plaintiff recently filed in this Court, Plaintiff sues the U.S. State Department**,** complaining that such defendant "recognized a bench warrant" against Plaintiff and that "the deportation process with the Japanese government did not seem properly handled."[1] Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

**I.  Relevant Law**

    **A. Liberal Construction for *Pro se* filings**

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U .S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert.*

*denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 12, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id.* ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id.*). He indicates that he has $800.00 in his bank account. (*Id.* ¶ 4).[3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id.* ¶ 5).

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

Plaintiff indicates he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and no debts or other financial obligations. (*Id.* ¶¶ 6, 8). Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which suggests that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id.* at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[4] *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff was not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).

### B. The Complaint Fails to State a Claim and is Legally and Factually Frivolous

In addition to not being entitled to proceed IFP, Plaintiff has filed a Complaint that fails to state a claim against the defendant, and is factually and legally frivolous.

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, the undersigned recommends that dismissal without prejudice is appropriate.

The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical, and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). Although Plaintiff has named the "US State Department" in the caption of his Complaint, he appears to complain largely about purported actions by the Japanese government. Plaintiff alleges that he is raising "[n]ot a travel issue, but a grave issue regarding the legal system of the sovereign country of Japan, who (sic) is recognized by the international community as a foreign country in the world as an Asian Monarchial Buddhist country with abilities to conduct a legal system that is nothing like America." (DE# 1 at 4).  He then alleges that:

> The issue came when I was placed in another area to be held for trial in a Japanese legal system. The embassy was to provide for me the ability to have a power of attorney signed from two consulate officers, and a consular officer from Kentucky that (sic) refused to give name agreed this upon (sic). They refused two times to provide for the power of attorney so that I could conduct my bills and obligations as a parent. This was an attempt to further my discomfort and intimidate me, and I cannot look at the federal regulations that the US State Department has for this issue. This was an issue with the US State Department that was intimidating during a federal process. After I was abandoned by the US State Department, I stopped communicating with them, until I was moved to a hospital for dehydration. That was because I was under a threatening environment from a Japanese Buddhist doctor who was blaming me for WWII constantly.

(DE# 1 at 4-5). Having just stated that he is not raising a "travel issue," Plaintiff then describes his next issue as his "travel out of Tokyo, Japan and the recognizing of a bench warrant….by the Japanese government." (*Id*. at 5). He alleges that: "I have been through every aspect of the US

Security Treaty with Japan,[5] The San Francisco Treaty,[6] and International Law… The issue clearly shows that the Japanese government recognized the SC Judicial bench warrant without informing the Federal Bureau of Investigation, the US Marshall Service, or the Department of Justice." (*Id.*). Plaintiff concludes by stating that "[t]his also means that the Japanese government is in a free will to violate my rights to the US Constitution under amendment for a US state not to have recognition in the world as a country of governing." (*Id.* at 6, punctuation and grammar as in original). Plaintiff does not explain what this means or what it has to do with his allegations against the "US State Department."

The allegations of the Complaint are conclusory and nonsensical, and summary dismissal is appropriate. *See Adams v. Rice*, 40 F.3d 72 (4th Cir.1994) (affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face); *Witherspoon v. Berry*, 2015 WL 1790222 (D.S.C.) (dismissing case and observing that plaintiff's statements were "so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or gibberish, that it is unclear what is to be made of them"); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (dismissing complaint as frivolous, and observing that the plaintiff's allegations were mostly nonsensical and "devoid of any intelligible sentences"); *Brunson v. FBI,* Case No. 3:08-2965-JFA-BM, 2008 WL 4511049 (D.S.C. 2008) (dismissing case with "unintelligible" allegations).

---

[5] According to Wikipedia, such 1952 treaty contained five articles, by which Japan granted the United States the territorial means for it to establish a military presence in the Far East. It also prohibited Japan from providing foreign powers any bases or any military-related rights without the consent of the United States. See https://en.wikipedia.org.

[6] The Treaty of San Francisco, also known as Treaty of Peace with Japan, was officially signed by 48 nations on September 8, 1951. Such treaty served to officially end World War II, to formally end Japan's position as an imperial power, to allocate compensation to Allied civilians and former prisoners of war who had suffered Japanese war crimes, and to end the Allies' military occupation and return sovereignty to Japan. See https://en.wikipedia.org.

### C. The Complaint Fails to Set Forth Any Basis for Jurisdiction

Even liberally construing the Complaint, it is not possible to discern any proper basis for jurisdiction. Plaintiff's allegations are disconnected, rambling, and largely incoherent. The United States Supreme Court has explained that a "patently insubstantial complaint may be dismissed … for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) (collecting cases and observing that "this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit' "); *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir.2012) (same).

Plaintiff's allegations appear to fit such criteria. Summary dismissal is therefore appropriate. *See, e.g., Brunson v. United States*, Case No. 3:14–2540–JFA–PJG, 2014 WL 4402803 (D.S.C.) (summarily dismissing complaint because it alleged irrational, factually frivolous allegations which were insufficient to establish subject matter jurisdiction); *Carter v. Ervin*, Case No. 0:14–865-TLW-PJG, 25402014 WL 2468351 (D.S.C.) (same, summarily dismissing complaint without prejudice and without issuance and service of process), *appeal dismissed by* 585 F.App'x 98 (4th Cir. 2014).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also Carter*, 2014 WL 2468351, at *3 ("the court possesses the inherent authority to ensure that … federal jurisdiction exists"), *appeal dismissed*, 585 F.App'x 98 (4th Cir.

2014); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In addition to raising claims that are "attenuated, unsubstantial, and devoid of merit," Plaintiff's Complaint does not allege any basis for federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. This case does not appear to arise "under the Constitution, laws, or treaties of the United States" for purposes of 28 U.S.C. § 1331. Although Plaintiff refers to several WWII-era treaties, such treaties are not relevant to any private right of action. Mere recitation to treaties in nonsensical fashion does not confer subject matter jurisdiction on this Court, nor indicate the existence of any personal claim. Plaintiff does not cite any relevant regulations, statutes, or other federal law.

Moreover, the United States, its departments, and agencies cannot be sued without its express consent. *United States v. Mitchell,* 463 U.S. 206, 212 (1983) (discussing the well-established legal doctrine of sovereign immunity). One of the few areas where the United States government has waived its sovereign immunity is claims for personal injuries allegedly caused by government employees. In certain limited circumstances, an injured person may sue the United States pursuant to the Federal Tort Claims Act ("FTCA") for damages alleged caused by a federal agency or employee. FTCA suits are only against the United States itself. *See, e.g., Brunson,* 2008 WL 4511049, at *2. Plaintiffs must strictly comply with FTCA requirements prior to filing suit. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). Plaintiff bears the burden of proving that he completed all conditions precedent to filing an FTCA lawsuit. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir.1976), *cert. denied*, 429 U.S. 979 (1976).

Plaintiff does not mention the FTCA in his Complaint, much less indicate that he has complied with any pre-suit requirements, such as filing an administrative claim with the

appropriate federal agency. Therefore, the Complaint is also subject to summary dismissal because Plaintiff has not alleged that he has complied with FTCA requirements. See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

### D. Plaintiff seeks Relief that is not Available or Appropriate

Finally, the *pro se* Plaintiff seeks relief that is not available or appropriate. (DE# 1 at 7, "What I Would Like the Court to Do"). For example, he asks the Court "to look into the matter with the US Department of State regarding the Tokyo, Embassy." (*Id*., punctuation as in original). Plaintiff miscomprehends the function of the Court. This Court does not investigate for a party on behalf of another party. Plaintiff is responsible for his own discovery. Although Plaintiff indicates that "I would like the award amount of 500,000.00 USD in monetary means in Exxon/Mobil (XOM) stock on the NYSE, this Court does not award "stock" as damages.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis"* (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 12, 2016
Charleston, South Carolina

The plaintiff's attention is directed to the *Important Notice* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).